OFFICE OF DISCIPLINARY COUNSEL *v*. WALKDEN.

[Cite as *Disciplinary Counsel v. Walkden*, 98 Ohio St.3d 1203, 2002-Ohio-7418.]

*Attorneys at law — Misconduct — Reciprocal discipline from Florida — Ninety-day suspension stayed with three-year probation — Gov.Bar R. V(11)(F)(4).*

(No. 2002-1768 — Submitted December 20, 2002 — Decided December 23, 2002.)

ON CERTIFIED ORDER of the Supreme Court of Florida, No. SC01-1197.

_____

{¶1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶2} On October 15, 2002, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Florida entered April 11, 2002, in *Florida Bar v. John Louis Walkden,* case No. SC01-1197, suspending respondent, John Louis Walkden, for a period of 90 days, with three years' probation. On October 22, 2002, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. Respondent filed no response to the show cause order. This cause was considered by the court and on consideration thereof,

{¶3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, John Louis Walkden, Attorney Registration No. 0055041, last known address in Toledo, Ohio, be suspended from the practice of law in Ohio for a period of 90 days, with the entire suspension stayed, and respondent placed on probation for a period of three years and his probation will

not be terminated in Ohio until such time as he files evidence with the Clerk of this court that his probation is terminated in the state of Florida.

{¶4} IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶5} IT IS FURTHER ORDERED that respondent's probation will not be terminated in Ohio until (1) respondent complies with the requirements for termination of probation set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent files evidence with the Clerk of this court and with Disciplinary Counsel demonstrating his termination of probation in Florida; (4) respondent complies with this and all other orders issued by this court; and (5) this court orders respondent's probation terminated.

{¶6} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶7} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

{¶8} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that

publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.